UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

In re: ) Case No. 04-23263
)
ROBERT A. MCEACHERN II, ) Chapter 7
ANGEL MARIE MCEACHERN, )
) Judge Arthur I. Harris
Debtors. )

MEMORANDUM OF OPINION

Before the Court is the trustee's motion to turn over funds (Docket #20) and the debtors' objection (Docket #22). At issue is whether both spouses may claim an exemption in a tax refund received by only one spouse. For the reasons that follow, the Court grants the motion of the trustee. The Court finds that under Ohio law when spouses file separate income tax returns and one spouse receives a refund, only the spouse whose return results in the refund has the requisite property interest to claim an exemption in that refund under section 522.

FACTS

The relevant facts are undisputed. On October 15, 2004, the debtors filed their joint petition under Chapter 7 of the Bankruptcy Code. In early 2005, the debtors filed separate 2004 federal income tax returns. Mr. McEachern was entitled to a refund of $3,072, but Ms. McEachern owed $136. On February 11, 2005, Mr. McEachern received his refund and deposited it into a checking account held jointly with his wife. In April, 2005, Ms. McEachern paid her tax liability

from this joint account. The parties agree that $2,702.16 of Mr. McEachern's refund, the portion which accrued prior to the filing of the bankruptcy petition, is property of the estate under section 541. The parties further agree that Mr. McEachern is entitled to an exemption of $790. The disputed issue before the Court is whether Ms. McEachern is also entitled to an exemption of $800 in Mr. McEachern's tax refund.

## DISCUSSION

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and Local General Order No. 84, entered on July 16, 1984, by the United States District Court for the Northern District of Ohio. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B) and (E).

The filing of a bankruptcy petition creates an estate of "all legal and equitable interests of the debtor in property." 11 U.S.C. § 541(a). The debtor may exempt certain property from the estate. 11 U.S.C. § 522. Under section 522(b), a state may enact its own exemptions and "opt-out" of the federal exemptions provided in section 522(d). Because Ohio has enacted its own exemptions and has opted out of the federal exemptions, the Court looks to Ohio law to determine Ms. McEachern's eligibility to claim an exemption in the tax refund. OHIO REV. CODE ANN. §§ 2329.66 & 2329.662; *In re Holland*, 151 F.3d 547, 548 (6th Cir. 1998).

OHIO REV. CODE ANN. § 2329.66(A)(4)(a) provides that every person who is domiciled in Ohio may exempt "[t]he person's interest, not to exceed four hundred dollars, in . . . tax refunds . . . ." Section 2329.66(A)(18) provides for exemption of "[t]he person's interest, not to exceed four hundred dollars, in any property." Thus, a debtor who has an interest in a tax refund may, under subsections 2329.66(A)(4)(a) and 2329.66(A)(18), exempt up to $800 of the refund from the property of the estate. The statute only provides, however, for exemption of "the person's interest." Without an interest in the tax refund, one may not claim an exemption. *See In re Smith*, 77 B.R. 633, 635 (Bankr. N.D. Ohio 1987) ("A non-income producing spouse is without a requisite property interest in a tax refund which would entitle such spouse to an exemption."); *In re Taylor*, 22 B.R. 888, 891 (Bankr. N.D. Ohio 1982) (same).

The Bankruptcy Code does not define "all legal and equitable interests of the debtor in property." Instead, state law determines and defines a debtor's property interests. *Butner v. United States*, 440 U.S. 48, 55 (1979). Ohio law expressly provides that, except for a few exceptions not applicable here, neither spouse has any interest in the property of the other. OHIO REV. CODE ANN. § 3103.04. Thus, wages are the sole property of the earning spouse, and a spouse has no interest in a tax refund resulting from the withheld income earned solely by

3

the other spouse. *Accord In re Smith*, 310 B.R. 320 (Bankr. N.D. Ohio 2004) (a non-debtor spouse that did not contribute to any of the tax overpayments had no property interest in the tax refund). In the present case, Mr. McEachern's tax refund derives solely from Mr. McEachern's income, which under Ohio law is solely his property. Thus, Ms. McEachern has no property interest in the refund under Ohio law and is not entitled to an exemption.

The debtors argue that the refund became joint property when it was deposited into a joint checking account from which Ms. McEachern paid her income tax liability. It is established, however, that "the proceeds due from a tax overpayment . . . become property of the estate to the extent that the overpayment was made prepetition . . ." *In re Smith*, 77 B.R. at 635; *see also Tushen v. Chapman*, 823 F.2d 836, 838 (4th Cir. 1987)(rejecting debtor's claim that tax refunds are postpetition income and noting that title to prepetition property vests in the estate upon filing the petition). Thus, that portion of the refund which accrued prior to the filing of the bankruptcy petition, became property of the estate on the date of filing – October 15, 2004. Mr. McEachern did not receive the refund until February 11, 2005. Since the prepetition portion of the refund had vested with the estate, Mr. McEachern's subsequent deposit of the refund into an account held jointly with his wife could not effect a transfer of the estate's vested

4

interest to Ms. McEachern. Therefore, Ms. McEachern did not obtain a property interest in the refund when the refund was deposited in the joint account

CONCLUSION

For the foregoing reasons, the trustee's motion is granted, and the debtors' objection is overruled. Ms. McEachern may not claim an exemption in the tax refund because she has no property interest in the refund under Ohio law. The debtors are ordered to turn over to the trustee the sum of $1,912.16, which is the prepetition amount of the tax refund less Mr. McEachern's uncontested exemption of $790.

IT IS SO ORDERED.

SEP - 6 2005

Arthur I. Harris
United States Bankruptcy Judge

5

04-23263-aih    Doc 26    FILED 09/06/05    ENTERED 09/06/05 13:38:55    Page 5 of 5